QUEENS COUNTY WATER COMPANY, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, February 21, 1919.

Municipal corporations — liability of city of New York for reasonable value of water supplied for municipal purposes in absence of written contract.

Where in an action against the city of New York to recover the reasonable value of water supplied in the borough of Queens, it appeared that the plaintiff had contracts prior to consolidation with three villages, providing

for the supply of water to them for municipal purposes at a certain rate per hydrant; that prior to the period covered in this action the contracts with the villages expired and no new contracts have been made between the plaintiff and the defendant, which has continued to take water from the plaintiff's mains as theretofore, and that a controversy having arisen as to the price to be paid, a proceeding in the nature of an arbitration was had by which the defendant's deputy commissioner of water supply fixed the rate to be paid, which was the same as heretofore, the plaintiff, the parties not having renewed or extended the contracts for the service of water to the city, is entitled in the absence of any agreement express or implied to the contrary, to recover the reasonable value of the water furnished.

But since there was evidence raising a question of fact as to whether an agreement had been made between the parties for the furnishing of water, a judgment by direction of the court in favor of the defendant should be reversed and a new trial granted.

PAGE, J., dissented.

APPEAL by the plaintiff, Queens County Water Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of February, 1918, upon the verdict of a jury rendered by direction of the court.

*Franklin Grady* of counsel [*Henry de Forest Baldwin* with him on the brief; *Lord, Day & Lord,* attorneys], for the appellant.

*John F. O'Brien* of counsel [*Terence Farley* and *William H. Kehoe* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

DOWLING, J.:

This action is brought to recover the reasonable value of water supplied between January 1, 1910, and June 1, 1915, for use in the sewage disposal plant and in police stations and firehouses in the borough of Queens. The plaintiff had contracts prior to consolidation with the villages of Far Rockaway, Rockaway Beach and Arverne, providing for the supply of water to them for municipal purposes. Thereunder plaintiff was to be paid at the rate of twenty dollars per annum per hydrant supplying the water for certain designated purposes. After consolidation the board of public improve-

ments of the city of New York adopted a general resolution regarding hydrant service by private water companies under which twenty dollars per annum per hydrant was still to be paid for certain specified supplies of water. In accordance with that resolution the city of New York entered into a supplementary agreement with the plaintiff modifying the existing agreement with the village of Rockaway Beach by which the price per hydrant remained the same, although the service to be rendered was specified. The Rockaway Beach and Arverne contracts expired by limitation July 1, 1902, and the Far Rockaway contract, August 1, 1901. No new contracts between the plaintiff and defendant were thereafter made in writing, but the city continued to take water from the plaintiff's mains as theretofore. In the year 1910 a controversy arose as to the price to be paid for the service and something in the nature of an arbitration was had by which the deputy commissioner of water supply fixed the rate to be paid for 1908 and 1909 (bills for which had been presented and disputed by the city), as the result of which action payment was made at the rate of twenty dollars per annum per hydrant as theretofore. The evidence is not entirely satisfactory as to the plaintiff's knowledge of the details of the report made by the deputy commissioner. The plaintiff has proved the reasonable value of the water taken by the defendant and there is no issue either as to the amount of the water so taken or its reasonable value.

Under the decision in *Harlem Gas Co.* v. *Mayor, etc.* (33 N. Y. 309) it must be held that where the written contracts between the parties had expired by limitation no inference was deducible which would warrant the court in engrafting the rates it prescribed on subsequent contracts between the parties, as could be done in the exceptional cases of a continuing relation, as that of master and servant and landlord and tenant; and the court there said that the defendants were liable for the value of the gas they had used and could not claim the benefit of an agreement made when its value was less, as neither party had chosen to renew. So it seems to me in this case that, as the parties did not choose to renew, or extend, the contracts for the service of water to the city, in the absence of any agreement, express or

implied to the contrary, the defendant would be liable to pay the reasonable value of the water furnished.  However, the defendant did introduce documentary evidence and elicited testimony from the plaintiff's witnesses, all of which tended strongly to show that there was in fact an agreement between the parties that the water in question was furnished under the annual hydrant charge and that the understanding and intention of the parties was that there should be no additional charge of any kind for water so furnished.  This, however, was a question of fact.

The learned trial court announced at the close of the case that if the verdict of the jury had been taken and it had been in favor of the plaintiff he would have set it aside.  We do not wish to be understood as disagreeing with his conclusion upon the evidence so announced; but as the understanding and intention of the parties must be gathered from the testimony, some of which is susceptible of two constructions, we think that the issue of fact hereinbefore indicated must be first submitted to a jury for determination.

The judgment appealed from will, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.  We may also indicate that in our opinion the objection to the reception in evidence of a statement made by Franklin B. Lord, Jr., could properly have been sustained, not upon the ground that he was not in a position to bind the company, but because it appeared that his answer was simply based on hearsay and not on any personal knowledge.

CLARKE, P. J., SMITH and SHEARN, JJ., concurred; PAGE, J., dissented.

Judgment reversed and new trial ordered, with costs to appellant to abide event.